NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 28 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MAHER MTANYOUS DIAB,

Defendant-Appellant.

No.    19-50011

DC No. 5:18 cr-0222 JFW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted March 4, 2020
Pasadena, California

Before:    TASHIMA, HURWITZ, and FRIEDLAND, Circuit Judges.

Maher Mtanyous Diab appeals from the judgment of conviction, entered

after his jury trial, for distribution of at least five grams of methamphetamine, in

violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B)(viii).  We have jurisdiction pursuant

to 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**1.** The withdrawal of Exhibits 3 and 4 was not structural error.[1] The Supreme Court has "characterized as 'structural' 'a very limited class of errors' that trigger automatic reversal because they undermine the fairness of a criminal proceeding as a whole." *United States v. Davila*, 569 U.S. 597, 611 (2013) (quoting *United States v. Marcus*, 560 U.S. 258, 263 (2010)). Diab contends that the withdrawal of the full videos so severely undermined his defense counsel's summation that it amounted to structural error, but his argument "imports into the initial structural-error determination (*i.e.*, whether an error is structural) a case-by-case approach that is more consistent with our traditional harmless-error inquiry (*i.e.*, whether an error is harmless)." *Neder v. United States*, 527 U.S. 1, 14 (1999). Far from "defy[ing] harmless-error review," *id.* at 8, any error in this case is readily amenable to that inquiry.

**2.** We further conclude that the withdrawal of the exhibits, even if we assume arguendo that it was erroneous, was not prejudicial reversible error. Contrary to Diab's contention, the withdrawal of the full videos did not undermine

---

[1]    In *United States v. Noushfar*, 78 F.3d 1442 (9th Cir. 1996), we held that there was structural error when "the district court allowed the jury to take to the jury room fourteen tapes that had not been played in the courtroom," over the defendants' objections. *Id.* at 1444-46. But *Noushfar* does not require the withdrawal of Exhibits 3 and 4 in this case because Diab did not object to Exhibits 3 and 4 being reviewed by the jury. *See United States v. Franco*, 136 F.3d 622, 625 (9th Cir. 1998).

his trial counsel's summation by impugning his credibility. Had the jury attempted to watch Exhibits 3 and 4 and found only the excerpts of those videos (Exhibits 3-B, 3-C, 4-A and 4-B), it is difficult to see how this would have had any effect on trial counsel's credibility. Although trial counsel advised the jury that they could watch the entire videos, it is unlikely the jury would have thought he was attempting to mislead them.[2] Diab relies on *United States v. Gaskins*, 849 F.2d 454 (9th Cir. 1998), but the withdrawal of Exhibits 3 and 4 was nothing like the prejudicial error requiring reversal in *Gaskins*. There, in violation of Federal Rule of Criminal Procedure 30, during jury deliberations, the district court gave an instruction on a "conceptually different" theory that involved elements necessary for conviction different from those addressed by defense counsel in her closing argument. *Id.* at 459. By contrast, here, the withdrawal of Exhibits 3 and 4 did not prejudice Diab by "unfairly prevent[ing trial counsel] from arguing his . . . defense" or misleading him "in formulating and presenting arguments." *Id.* at 458.

Significantly, our review of Exhibits 3 and 4 has revealed no new or exculpatory evidence. Exhibits 3-B, 3-C, 4-A and 4-B, which were the excerpts of Exhibits 3 and 4 played to the jury, encompassed all of Diab's interactions with the

---

[2] It bears noting that the jury did not ask the court for the "missing," full videos. Nor is there any indication in the record that the jury sought to watch any of the videos.

3

confidential informant and the undercover ATF agent, including the time frame during which the sale occurred. The unplayed portions of Exhibits 3 and 4 that were withdrawn contained only interactions between the confidential informant and the ATF agents. Thus, even had the jury watched the full videos, the unplayed portions merely encompassed the time during which the confidential informant and undercover agent were fitted with surveillance equipment, drove to the liquor store, waited outside the store, and drove away from the liquor store after the sale. Except for the separately admitted excerpts, Exhibits 3 and 4 contained no evidence that was relevant to the issue of Diab's guilt.

The full videos were also not central to Diab's trial counsel's summation. The summation was primarily based on the argument that the confidential informant was not credible. Thus, trial counsel repeatedly questioned the informant's motives and emphasized that it was the informant, not the undercover agent, who retrieved the methamphetamine from the car tire where Diab had placed it. He argued that Exhibits 3 and 4 did not capture Diab placing the methamphetamine on the car tire or the confidential informant retrieving it, insinuating that the confidential informant lied about the sale. However, as discussed above, these events occurred during the excerpts of Exhibits 3 and 4 that were played and given to the jury.

4

**3.**     The district court's exclusion of evidence that Diab was a methamphetamine addict did not constitute plain error.  *See United States v. Bishop*, 291 F.3d 1100, 1108 (9th Cir. 2002) ("In the absence of an offer of proof of what the testimony would have been, . . . reversal will lie only where there is plain error." (citation omitted)).  The exclusion of evidence that Diab was a methamphetamine addict did not "affect[] the outcome of the . . . proceedings" or "seriously affect[] the fairness, integrity or public reputation of judicial proceedings."  *United States v. Orm Hieng*, 679 F.3d 1131, 1135-36 (9th Cir. 2012) (quoting *Marcus*, 560 U.S. at 262).

**AFFIRMED.**